**JUDGE MARTIN J. JENKINS**
Courtroom 11, 19th Floor

Monica Narcisse, Courtroom Deputy
(415) 522-2123

## STANDING ORDER FOR CASES INVOLVING
## SEALED OR CONFIDENTIAL DOCUMENTS

In addition to conforming to the local rules and any other applicable rules, all stipulated protective orders must conform the following requirements:

### Proposed Protective Orders

1. The court will not approve a broad protective order that essentially gives each party carte blanche to decide which portions of the record will be sealed and, therefore, not made part of the public record. See Civ. L. R. 79-5; Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999). Fed. R. Civ. Pro. 26(c) as well as the local rules require the court to determine whether good cause exists to seal any portion of the record. Therefore, all proposed protective orders submitted for court approval which contain provisions for filing documents under seal, must also provide a procedure for obtaining the sealing order that complies with Civ. L. R. 79-5.

### Requests to File Documents Under Seal

2. Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal. To that end, if a party wishes to file a document under seal, that party shall first file a written request for a sealing order setting forth the good cause and accompanied by a proposed order that is narrowly tailored as specified above.

3. However, if the sole ground for the sealing order is that the opposing party (or non-party) has designated the document as confidential, the opposing party (or non-party) shall file a declaration establishing good cause for the sealing along with a proposed order, or shall withdraw the designation. The declaration shall be filed within five days of service on the opposing party (or non-party) of the request for a sealing order. If the declaration is not filed as required, the court may order that the document be filed in the public record.

### Use of Sealed Documents in Motion Papers

4. The court cautions parties that documents designated as confidential that are attached as exhibits to case-dispositive motions, or redacted portions of case-

dispositive briefs that contain confidential information, must meet the high "compelling reasons" threshold. See Kamakana v. City of Honolulu, 447 F.3d 1172 (9th Cir. 2006). A good cause showing, without more, will not satisfy a compelling reasons test, but will only suffice to maintain the confidentiality of documents attached to *non-dispositive* motions. Documents designated as confidential in conjunction with case-dispositive motions and/or briefs that do not satisfy the compelling reasons test may accordingly be re-designated as public information upon proper request. See Foltz v. State Farm Mut. Automobile Ins. Co., 331 F.3d 1122 (9th Cir. 2003).

Use of Sealed or Confidential Documents at Trial

     5.    Notwithstanding any provision of a protective order to the contrary, any document, whether previously designated confidential or previously sealed, will be unsealed and/or will lose its confidential status if offered as an exhibit at trial, absent a showing of the "most compelling" reasons. See Manual for Complex Litigation § 21.432; Foltz, 331 F.3d at 1135-36. Any party believing that a document, portions thereof, or witness testimony should remain confidential or sealed during trial must request in advance of trial that the court take extraordinary measures, such as closing the courtroom to the public or sealing the trial transcript, to protect the confidentiality of that information. The request must be made in writing and filed no later than the date on which pretrial papers are due.

If previously sealed documents are ordered unsealed for use at trial, counsel for the party offering the document as evidence shall within two business days of the conclusion of the trial identify which entries on the docket represent the exhibits actually received. Counsel are required to cooperate with the deputy clerk in order to complete the unsealing process in cases involving voluminous sealed documents.

Revised 9/07