SCOTT A. FLAXMAN (SBN 241285)
**SCOTT FLAXMAN LAW**
21 Buena Vista Road
South San Francisco, California 94080
Telephone: (415) 571-0582
Facsimile: (650) 952-0409
scottf@scottflaxmanlaw.com

**ATTORNEY FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALI BAALOUACH,

    Plaintiff

vs.

MEHDI NAFAI,

DORIS ALICIA CORDOVA,

SUMMIT MORTGAGE,

REALTY MORTGAGE, LLC,

Doe 1 through Doe 10,

    Defendant

Case No.: 3:07-cv-5433

**DECLARATION OF MEHDI NAFAI SUPPORTING ALI BAALOUACH'S MOTION FOR DEFAULT JUDGMENT AS TO DORIS ALICIA CORDOVA AND SUMMIT MORTGAGE CORPORATION**

Hon. Jeffrey S. White

Mehdi Nafai declares:

1. I am Mehdi Nafai.

2. The facts stated in this declaration are within my personal knowledge and if called to testify I could testify competently to them.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**FACTS**

1. Mr. Baalouach speaks Moroccan "Berber" as his first language and Arabic as his second language. Mr. Baalouach speaks limited English and can read almost no English.

2. At all times material to this action, Defendants Doris Alicia Cordova and Defendant Summit Mortgage conducted business which included finding borrowers who wanted residential loans, including "federally related loans" as that phrase is defined by RESPA and referring those borrowers to lenders.

3. Defendant Doris Alicia Cordova and Defendant Summit Mortgage conducted business as a "mortgage broker" as that phrase is defined by Regulation X at 24 C.F.R. § 3500.2. As such, Defendant Doris Alicia Cordova and Defendant Summit Mortgage, provided real estate "settlement services" as that phrase is defined by RESPA at 12 U.S.C. § 2602(3) and at 24 C.F.R. § 3500.2.

4. On or about September, 2006 Mr. Baalouach discussed the possibility of refinancing the Property with me.

5. All conversations between Mr. Baalouach and me regarding the refinancing of the Property were conducted in Arabic.

6. Mr. Baalouach's only information and communication, prior to the date of loan closing, regarding the refinancing of the Property came from information supplied by me either in person or by telephone. I supplied all information concerning refinancing the Property to Mr. Baalouach exclusively in Arabic.

7. Pursuant to 12 U.S.C. §§ 2604 and 2607, Defendant Summit Mortgage and Defendant Doris Alicia Cordova were obligated to fully disclose all costs, expenses, and fees from others, and not to accept any kickbacks or referral fees from others, associated with the "federally related mortgage loan" and Defendant Summit Mortgage and Defendant Doris Alicia Cordova's provision of mortgage brokerage services.

8. The existing first loan on the Property was secured by a Deed of Trust with EMC Corporation as the beneficiary. The existing second loan on the Property was secured by a Deed of Trust with Greenpoint Mortgage as the beneficiary.

9. On or about October 26th, 2006 Defendant Doris Alicia Cordova, Defendant Summit Mortgage and Defendant Realty Mortgage conducted a loan closing to consummate its residential loan to Mr. Baalouach, such loan being a "federally related mortgage loan" as defined by RESPA at 12 U.S.C. § 2602(1) and at 24 C.F.R. § 3500.2.

10. The loan closing was conducted at 3000 Clayton Road, Concord, California 94519.

11. The proceeds of the two, new loans were to refinance the two, existing deeds of trust secured by the Property and for personal, family or household purposes.

12. The two loans were secured against title to Mr. Baalouach's principal dwelling, the Property, by two Separate Deeds of Trust recorded with the San Francisco Assessor-Recorder. The First Deed of Trust is recorded as DOC-2006-I278024-00, Acct 4-Old Republic Title Company, Thursday, November 2nd, 2006, Reel J259 Image 0160. The Second Deed of Trust is recorded with the San Francisco Assessor-Recorder, as DOC-2006-I278025-00, Acct 4-Old Republic Title Company, Thursday, November 2nd, 2006, Reel J259 Image 0161.

13. On or about November 1, 2006, Mr. Baalouach received a "HUD-1" Settlement Statement ("Settlement Statement"), dated November 1, 2006.

14. A true and accurate copy of the "Settlement Statement" is attached to this Declaration as Exhibit A, and by this reference is incorporated herein [*not reprinted herein*].

15. The Settlement Statement provides on line 811 as follows: "REALTY MORTGAGE, LLC SHALL PAY A YIELD SPREAD PREMIUM OF $18,281.25 TO SUMMIT MORTGAGE."

16. Defendant Realty Mortgage in fact paid this fee to Defendant Doris Alicia Cordova and Defendant Summit Mortgage Company in exchange for those defendants' referral of Mr. Baalouach to Defendant Realty Mortgage for the purpose of making a "federally related mortgage loan" to Mr. Baalouach.

17. Defendant Summit Mortgage Corporation and Defendant Doris Alicia Cordova's receipt of this steering fee increased Mr. Baalouach's settlement costs. Defendant Summit Mortgage and Defendant Doris Alicia Cordova arranged for Mr. Baalouach to receive a loan at a higher interest rate and with more oppressive loan terms, including a pre-payment penalty than Mr. Baalouach could have otherwise received so that Defendant Doris Alicia Cordova and Defendant Summit Mortgage Corporation could receive the "yield spread premium" payment.

18. This fee for steering was paid indirectly by Mr. Baalouach through a higher interest rate, and inferior loan terms than that which Mr. Baalouach could have otherwise received.

19. Defendant Doris Alicia Cordova and Summit Mortgage Corporation received this fee pursuant to an agreement or understanding that business incident to or a part of a real estate "settlement service" involving a "federally related mortgage loan" would be referred by Defendant Doris Alicia Cordova and Summit Mortgage Corporation to Defendant Realty Mortgage.

20. At all times relevant herein, Mr. Baalouach had no understanding and received no explanation of the fact that Defendant Doris Alicia Cordova and Defendant Summit Mortgage received this "yield spread premium" fee as a payment for Defendant Doris Alicia Cordova and Defendant Summit Mortgage steering Mr. Baalouach into a loan with a higher interest rate and more onerous loan terms.

21. At all times relevant herein, Mr. Baalouach had no understanding and received no explanation of the fact that this "yield spread premium" fee was paid indirectly by Mr. Baalouach through a higher interest rate and more oppressive loan terms than were otherwise available to Mr. Baalouach.

22. Neither Defendant Doris Alicia Cordova nor Defendant Summit Mortgage disclosed to Mr. Baalouach that the payment of this "yield spread premium" fee to Defendant Summit Mortgage and Defendant Doris Alicia Cordova constituted a kickback or referral fee at or prior to the time that Defendant Doris Alicia Cordova and Defendant Summit Mortgage made the referral to Defendant Realty Mortgage in connection with Defendant Realty Mortgage funding a "federally related mortgage loan."

23. Instead, the fee appeared on the Settlement Statement listed solely as "yield spread premium" without prior, contemporaneous or future explanation in Arabic (or in any language) as to its meaning.

24. Mr. Baalouach was not advised in a manner that he was reasonably capable of understanding that there was a pre-payment penalty on the new loans.

25. Mr. Baalouach was not advised in a manner that he was reasonably capable of understanding that the First Trust Deed had a negative amortization component.

26. Mr. Baalouach was not advised in a manner that he was reasonably capable of understanding that if Mr. Baalouach made the minimum loan payment that the loan balance would actually grow larger rather than smaller over time.

I declare under the penalty of perjury under the laws of the State of California that the above is true and correct. Executed this 23rd day of May, 2008 at San Francisco, California.

_____
Mehdi Nafai

Respectfully submitted,
s/Scott A. Flaxman
_____

# EXHIBIT A

A. Settlement Statement

U.S. Department of Housing and Urban Development
OMB No. 2502-0265



# OLD REPUBLIC TITLE COMPANY

**B. TYPE OF LOAN**

1. ☐ FHA  2. ☐ FmHA  3. ☒ Conv. Unins.
4. ☐ VA   5. ☐ Conv. Ins.

6. File Number: 0111006084-JO
7. Loan Number: 7531026072
8. Mortgage Insurance Case Number:

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

D. Name and Address of Borrower:
Ali Boulouch
604 Geary Ave
San Francisco, CA 94102

E. Name and Address of Seller:

F. Name and Address of Lender:
Realty Mortgage, LLC
2901 Douglas Boulevard Suite 235
Roseville, CA 95661

G. Property Location:
68 Cayuga Ave
San Francisco, CA 94101  (See Attachment)

H. Settlement Agent:
Old Republic Title Company
Place of Settlement:
3600 Clayton Road
Concord, CA 94519

I. Settlement Date: 11/1/2006

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 5,854.93 | 403. | |
| 104. PAYOFF EXISTING LOAN | 687,215.53 | 404. | |
| 105. PAYOFF EXISTING LOAN | 85,372.40 | 405. | |
| R.E. Tax Payment (Lot 21, Block 6752) | 4,761.18 | | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 783,204.03 | 420. GROSS AMOUNT DUE TO SELLER | |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan 1st | 731,250.00 | 502. Settlement charges to seller (line 1400) | |
| Principal amount of new loan 2nd | 146,250.00 | 503. Existing loan(s) taken subject to | |
| | | 504. | |
| | | 505. | |
| | | 506. | |
| | | 507. | |
| | | 508. | |
| | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes | | 511. County taxes | |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 877,500.00 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | |
| 300. CASH AT SETTLEMENT FROM/TO BORROWER | | 600. CASH AT SETTLEMENT TO/FROM SELLER | |
| 301. Gross amount due from borrower (line 120) | 783,204.03 | 601. Gross amount due to seller (line 420) | |
| 302. Less amounts paid by/for borrower (line 220) | (877,500.00) | 602. Less reductions in amount due seller (line 520) | ( ) |
| 303. CASH ☐ FROM ☒ TO BORROWER | 94,295.97 | 603. CASH ☐ TO ☐ FROM SELLER | |

Section 5 of the Real Estate Settlement Procedures Act (RESPA) requires the following: • HUD must develop a Special Information Booklet to help persons ... the ... of confidential real estate ... to ...

Section 4(a) of RESPA mandates that HUD develop and prescribe this standard form to be used at the time of loan settlement to provide full disclosure of all charges imposed upon the borrower and seller. These are third party disclosures that are designed to provide the ...

Escrow No.: 0117006064-JO

| L. SETTLEMENT CHARGES | Paid From Borrower's Funds At Settlement | Paid From Seller's Funds At Settlement |
|---|---|---|
| 700. Total sales/broker's commission based on price $     @    % | | |
|    Division of commission (line 700) as follows: | | |
| 701. | | |
| 702. | | |
| 703. Commission disbursed at settlement | | |
| 704. | | |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN  (see Attachment for Subordinate Financing Charges) | 3,859.00 | |
| 801. Loan Origination Fee | | |
| 802. Loan Discount | 550.00 | |
| 803. Appraisal Fee | | |
| 804. Credit Report | | |
| 805. Lender's Inspection Fee | | |
| 806. Mortgage Insurance Application Fee | | |
| 807. Assumption Fee | 65.00 | |
| 808. Tax Service Fee | 775.00 | |
| 809. Underwriting Fee | 30.00 | |
| 810. Flood Certification Fee | | |
| 811. Quality Mortgage, LLC shall pay a yield spread premium of $18,201.25 to Summit Mortgage. | 25.00 | |
| 812. Wire Transfer Fee | 550.00 | |
| 813. Appraisal Review | | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | 25.04 | |
| 901. Interest, 10/31/06 to 11/01/06, 1 days @ $25.04 | | |
| 1000. RESERVES DEPOSITED WITH LENDER | | |
| 1100. TITLE CHARGES | 30.00 | |
| 1106. Notary Fees to Jay Oxendine | | |
| 1110. Title Insurance to | | |
|    (includes above item numbers)  1102, 1103, 1108, Endorsements and Additional Title Fees, if any | | |
| 1109. | | |
| 1111. Integrated Reference Insurance and Settlement Service | 2,075.00 | |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | |
| 1201. Recording fees; Deed $             Mortgage $ 123.00            Releases $ | 123.00 | |
| 1202. City/county tax/stamps;   Deed $                    Mortgage $ | | |
| 1203. State tax/stamps;   Deed $                    Mortgage $ | | |
| 1204. | | |
| 1205. | | |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | |
| 1301. | | |
| 1302. | | |
| 1303. | | |
| 1304. | | |
| 1305. | | |
| 1306. | | |
| 1307. | | |
| 1308. | | |



Escrow No.: 0111006084-JO
Loan No.: 7531026872

Attachment to HUD Statement

PROPERTY LOCATION

198 Rousseau
San Francisco, CA 94101

------ Continuation from Page1 ------

BUYER ADJUSTMENTS                                           SELLER ADJUSTMENTS

AMOUNTS PAID BY OR IN BEHALF OF BORROWER

DEPOSIT OR EARNEST MONEY -- LINE 201

PRINCIPAL AMOUNT OF NEW LOAN(S) -- LINE 202

Realty Mortgage, LLC
2901 Douglas Boulevard Suite 205
Roseville, CA 95661
Loan No.: 7531026872
Position: 1
Principal amount                                731,250.00

Realty Mortgage LLC
2901 Douglas Boulevard Suite 205
Roseville, CA 95661
Loan No.: 7531026873
Position: 2
Principal amount                                146,250.00

Escrow No.: 0111006084-JO

Attachment to HUD Statement

| Lender | Realty Mortgage LLC |
| --- | --- |
| | 2901 Douglas Boulevard Suite 205 |
| | Roseville, CA 95661 |

Loan No.  7531026673

Subordinate Financing Charges

| Item | Borrower | Seller |
| --- | --- | --- |
| Wire Fee – 2nd Ln | 25.00 | |
| Underwriting Fee – 2nd Ln | 200.00 | |
| Flood Certification – 2n Ln | 18.00 | |
| Broker Admin Fee – 2nd Ln | 550.00 | |
| Processing Fee – 2nd Ln | 1,025.00 | |
| Total | 1,818.00 | |