SCOTT A. FLAXMAN (SBN 241285)
**SCOTT FLAXMAN LAW**
200 Valley Drive #13
Brisbane, California 94005
Telephone: (415) 571-0582
Facsimile: (650) 952-0409
scottf@scottflaxmanlaw.com

**ATTORNEY FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI BAALOUACH,<br><br>            Plaintiff<br><br>vs.<br><br>MEHDI NAFAI,<br><br>DORIS ALICIA CORDOVA,<br><br>SUMMIT MORTGAGE,<br><br>REALTY MORTGAGE, LLC,<br><br>Doe 1 through Doe 10,<br><br>            Defendants | Case No.: 3:07-cv-05433 JSW<br><br>Judge: Hon. Jefferey S. White<br><br>**[PROPOSED] ORDER FOR DEFAULT JUDGMENT AS TO DEFENDANTS DORIS ALICIA CORDOVA AND SUMMIT MORTGAGE**<br><br>[F.R.C.P. 55(b)]<br><br>Hearing Date: May 6th, 2008<br><br>[Referred to Magistrate Judge Joseph C. Spero for Report and Recommendation on Evidence Submitted by May 31, 2008.]<br><br>Time:         9:30 a.m.<br><br>Courtroom:   2 |

 Plaintiff Ali Baalouach ("Mr. Baalouach" or "Plaintiff"), having properly served a Summons and Complaint upon Doris Alicia Cordova and Summit Mortgage ("Defendants") and Defendants having failed to timely respond to the Complaint, it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

1. This action was brought and these proceedings were instituted under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), seeking to recover actual damages, treble damages, and court costs, by reason of Defendants' violations of RESPA and Regulation X, 24 C.F.R. § 3500.1 et seq. ("Regulation X").  This action was also brought to raise additional claims against Defendants for breach of fiduciary duty and California Statutory, 'Deceit.'  Actual damages and punitive damages were sought for those claims as well.

2. Defendant Doris Alicia Cordova and Defendant Summit Mortgage violated RESPA with respect to Mr. Baalouach by:

3. Accepting fees, kickbacks or other things of value from Defendant Realty Mortgage pursuant to an agreement or understanding that business incident to or part of a real estate settlement service involving federally related mortgage loans would by referred to Defendant Realty Mortgage in violation of 12 U.S.C. §2607(1) and 24 C.F.R. §3500.14(b); and

4. by accepting a portion, split or percentage of charges made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed, in violation of 12 U.S.C. §2607(b) and 24 C.F.R. §3500.14(c).

5. Defendant Doris Alicia Cordova and Defendant Summit Mortgage breached fiduciary duties owed to Plaintiff because of Defendant Doris Alicia Cordova's and Defendant Summit Mortgage's role as mortgage broker for Plaintiff.  The Defendants breached these duties by self-dealing and unjustified profits including receipt of the "yield spread premium" kickback.

6. Defendant's actions towards Plaintiff constitutes Deceit under California Civil Code §§1709-1710 as Defendants promised that they would procure the best loan on the best terms for Plaintiff and Defendants made this promise with no intention of performing it as they knew they would receive a yield spread premium "kick-back" from the lender in exchange for inducing Plaintiff to contract to accept loans with higher interest rates and worse terms than Mr. Baalouach could have possibly otherwise received.

7. Plaintiff filed the Complaint in this matter on October 24, 2007.

8. Defendant Doris Alicia Cordova was served with Summons and Complaint on November 1, 2007.

9. Defendant Summit Mortgage was served with Summons and Complaint on November 1, 2007.

10. Entry of Default was recorded against Defendants on March 4, 2008 due to their failure to answer or otherwise respond to the Complaint.  On March 16th, 2008,

Plaintiff presented this Court with his Application for Default Judgment against the Defendants Doris Alicia Cordova and Summit Mortgage.

11. Accordingly, it is hereby **ORDERED** that Pursuant to 12 U.S.C. §2607(d)(2), Mr. Baalouach is entitled to recover and hereby seeks to collect from Defendant Doris Alicia Cordova and Defendant Summit Mortgage (jointly and severally) **$54,843.75** which is an amount equal to three times the amount of charges for "settlement services" paid indirectly by the Plaintiff ($18,281.25 yield spread premium payment multiplied times three).

12. **IT IS FURTHER ORDERED THAT,** pursuant to 12 U.S.C. §2607(d)(5), Mr. Baalouach is entitled to recover and hereby seeks to collect from Defendant Doris Alicia Cordova and Defendant Summit Mortgage (jointly and severally) the amount of **$85,000.00** in attorney fees and **$850.00** in court costs and filing fees.

13. **IT IS FURTHER ORDERED THAT**, pursuant to California Civil Code §3294, Plaintiff is entitled to recover and hereby seeks to collect from Defendant Doris Alicia Cordova and Defendant Summit Mortgage (jointly and severally) punitive damages in the amount of **$450,000.00** for fraud.

14. **IT IS FURTHER ORDERED THAT,** pursuant to California Civil Code §1709, Plaintiff is entitled to recover and hereby seeks to collect from Defendant Doris Alicia Cordova and Defendant Summit Mortgage (jointly and severally) actual damages in the amount of **$200,629.82** and **$65,000.00** in lieu of loans at the actual approval rates and loan terms at the actual approval rates rather than inflated rates and more oppressive terms.

15. **IT IS FURTHER ORDERED THAT,** post judgment interest shall accrue at the rate of 10 percent per year.

Dated: _____, 2008

_____

HONORABLE JEFFREY S. WHITE